IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:05CR20** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| **ABEL PEREZ,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 26) issued by Magistrate Judge Thomas D. Thalken recommending denial of the Defendant's motions to suppress (Filing Nos. 10, 12, 14). The Defendant, Abel Perez, filed Objections to the Report and Recommendation (Filing No. 27) and a supporting brief (Filing No. 28) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a).

Perez is charged in a three-count Indictment with: conspiracy to distribute and possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine (Count I); using and carrying a firearm during and in relation to, and possessing the firearm in furtherance of, the drug trafficking crime charged in Count I (Count II); and criminal forfeiture (Count III). Perez seeks an order suppressing all evidence seized as a result of: the search of his person and a 2005 Chevy Suburban on November 29, 2004 (Filing No. 10); the search of 828 S. 29th St., Apt. 2 on December 14, 2004 (Filing No. 12); and searches of his person and a 1974 Buick Apollo, and statements obtained, on December 14, 2004 (Filing No. 14).

Following an evidentiary hearing on the Motions, Magistrate Judge Thomas D. Thalken issued a Report and Recommendation in which he determined: Perez voluntarily

consented to the search of the Chevy Suburban on November 29, 2004; Perez voluntarily consented to the search of the Buick Apollo on December 14, 2004; Perez's consent to the search of his apartment at 828 S. 29th St. and his Suburban given on December 14, 2004, was voluntary. On the basis of these determinations, Magistrate Judge Thalken recommends that all three of the Defendant's motions to suppress be denied. Perez objected to the Report and Recommendation.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court shall make a de novo determination of those portions of the report, findings, and recommendations to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## STATEMENT OF FACTS

The Magistrate Judge provided a detailed account of the events leading up to the searches and other events that took place on the dates in question. The Court has considered the transcript of the hearing conducted by the Magistrate Judge on March 11, 2005 (Filing No. 23). The Court also carefully viewed the evidence. There are no objections to Judge Thalken's factual findings. Based on the Court's de novo review of the evidence, the factual findings are adopted in their entirety.

## ANALYSIS

Perez raises the following objections: as Perez did not understand the English language he did not voluntarily consent to the search of either vehicle or his apartment;[1]

---

[1] The objection is phrased: "The Court erred in finding that Perez understood the English language." The Court infers the legal nature of the objections.

the November 29, 2004, detention was a lengthy investigative detention not supported by reasonable articulable suspicion; and the November 29, 2004, statements must be suppressed because Perez's consent to the interview and the interview took place during the allegedly illegal detention.

***Voluntariness***

Perez signed a written consent form for the search of his apartment and for the Chevy Suburban. Although the form was in English, Officer Mark Lang testified that, based on his discussion with Perez, Perez answered appropriately and he had no reason to believe that Perez failed to understand. (Tr. 33, 39.) Perez did not testify at the suppression hearing, the defense offered no evidence indicating a lack of Perez's linguistic ability with respect to any communication between officers and Perez, and the government's evidence does not support the argument that Perez did not understand that he provided consent for the search of his apartment and the Suburban. *See, e.g., United States v. Guerrero,* 374 F.3d 584, 595 (8th Cir. 2004) (stating that, although the defendant spoke broken English, had difficulty communicating with the trooper and had to ask that questions be repeated, was only offered an English language consent form, and responded with questions about dog food, the entire exchange considered as a whole indicated that the defendant understood).

Based on the evidentiary record presented, the Court finds that Perez understood the conversation with Officer Lang and voluntarily consented to the search of his apartment and the Suburban.

### *Allegedly Lengthy Investigative Detention*

An informant indicated that drug trafficking was taking place at 1715 Vinton Street, Apartment No.2 and that a Hispanic male and female, "Peaches," were involved. Officers surveilled the property and saw the Suburban arrive and Perez exit the Suburban and enter the apartment. In conducting a :knock and talk," Perez answered the apartment door. None of the individuals present, including Perez, admitted to residing in the apartment. Marijuana and drug paraphernalia were found in plain view. Methamphetamine paraphernalia was found on one individual during a consent search. A female who was present stated she used the nickname "Peaches." Another person arrived and, when asked to consent to a search of her person, stated that she had methamphetamine on her person.

As acknowledged by Judge Thalken, the Eighth Circuit has stated:

> The standard of articulable justification required by the fourth amendment for an investigative, Terry-type seizure is whether the police officers were aware of "particularized, objective facts which, taken together with rational inferences from those facts, reasonably warrant[ed] suspicion that a crime [was] being committed." In assessing whether the requisite degree of suspicion exists, we must determine whether the facts collectively establish reasonable suspicion, not whether each particular fact establishes reasonable suspicion. "[T]he totality of the circumstances--the whole picture--must be taken into account." We may consider any added meaning certain conduct might suggest to experienced officers trained in the arts of observation and crime detection and acquainted with operating modes of criminals. It is not necessary that the behavior on which reasonable suspicion is grounded be susceptible only to an interpretation of guilt; however, the officers must be acting on facts directly relating to the suspect or the suspect's conduct and not just on a "hunch."

*United States v. Beck,* 140 F.3d 1129, 1136 (8th Cir. 1998) (citations omitted).

Based on the standard, in light of the record, officers had reasonable suspicion to detain Perez for the purpose of an investigatory detention.

*Statement and Consent for Search of the Suburban*

Perez argues that he made statements and gave consent for the search of the Suburban during the allegedly illegal investigative detention. However, the record indicates that the consent and any statements were given after the execution of the search warrant. (Tr. 16.)  Nevertheless, even if the statements and consent were obtained during the investigative detention, as the detention was found to be proper the statements and consent cannot be deemed fruits of an illegal detention.

## CONCLUSION

For the reasons discussed, the Defendant's motions to suppress are denied.

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (Filing No. 26) is adopted in its entirety;

2. The Objections to the Report and Recommendation (Filing No. 27) are denied; and

3. The following Defendant's motions to suppress (Filing Nos. 10, 12, 14) are denied.

DATED this 22nd day of June, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge